### Wyatt *against* Campbell.

THE Chief Justice delivered the opinion of the Court.

*Campbell* sued out an original writ of capias against *Wyatt;* it was returned not found : a judicial attachment was then awarded, which was levied on four negroes.  On the return of the attachment *Wyatt* plead in abatement that the proceedings did not shew that when the original writ of capias issued, either the plaintiff or defendant was a citizen of this State.  To this plea the plaintiff in the action demurred.  The demurrer was sustained, and the defendant failing to plead over, final judgment was rendered for the plaintiff.  The judgment on the demurrer is now assigned as Error.

For the defendant in Error, it is contended that as a judicial attachment cannot issue against a non-resident, the fact of the defendant's residence in the State should appear on the Record.  That there is a strong analogy between this case and cases heretofore decided in this Court on original attachments against non-resident defendants,(*a*) in which it has been held that the Record must shew that the plaintiff was a resident citizen at the time of suing out his attachment.  No case directly in point has been cited.

For the defendant in Error, it is contended that as a matter of right and of course, the writ of attachment could be sued out on the return of the writ of capias not found ; and on such return could be sued out against a non-resident as well as against a citizen of the State.

The first Section of our attachment law authorises the plaintiff, on the return of any writ that the defendant is not to be found within the County, to sue out an attachment against the personal estate of the defendant, or an alias or pluries capias at his election.  But in the fourteenth Section of the same Statute, it is provided " that no judicial pro-" cess shall be issued against the estate of any person re-" siding out of the limits of this territory, unless such pro-" cess is grounded on an original attachment ; or unless the " leading process in the suit has been executed on the person " of the defendant when within the territory." (Act of 1807, Laws Ala. 11, 17.)  It was urged that the last member of the sentence composing the proviso is insensible, and not susceptible of any rational construction ; but I have found no such difficulty.  Suppress that member of the sentence, and judgment may be recovered against a non-resident defendant on whom a writ of capias may be served while within the State, but no execution could be sued out against his pro-

*Marginal notes:*

In proceeding by judicial attachment, the Record should shew that defendant was an inhabitant of the State when original writ issued.

(*a*) See *Woodley vs. Shirley. Wilson vs. Outlaw. Peters and al. vs. Bowers. ante, p.* 14—196—69.

perty. By giving effect to the whole of the proviso, no such
difficulty will interpose.

It seems then clear that a judicial attachment can be sued
out only against a defendant who is an inhabitant of the State ;
and if so, the analogy to the case of an original attachment
against a non-resident debtor is so strong, that my mind is
brought to the conclusion that it should be shewn by the
Record that it had appeared to the satisfaction of the Court
that the defendant was an inhabitant of this State when the
original writ issued. In this opinion the majority of the
Court concur. The judgment must therefore be reversed.

Judge *Saffold* not sitting.

*Crawford* and *Hitchcock*, for plaintiff.

*Benson* and *Fitzpatrick*, for defendant in Error.